**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-4651**

---

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

JOSHUA MATTHEW HOUCHINS,

> Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00245-D-1)

---

Submitted:  November 30, 2022                          Decided:  January 25, 2023

---

Before WILKINSON and NIEMEYER, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Michelle A. Liguori, ELLIS & WINTERS, LLP, Raleigh, North Carolina, for Appellant.  Kenneth A. Polite, Jr., Assistant Attorney General, Lisa H. Miller, Deputy Assistant Attorney General, Michael A. Rotker, Appellate Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Michael F. Easley, Jr., United States Attorney, William M. Gilmore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Matthew Houchins appeals the 120-month sentence imposed following his guilty plea to wire fraud, in violation of 18 U.S.C. § 1343, and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. On appeal, Houchins argues that trial counsel rendered ineffective assistance by failing to object to the district court's application of several sentencing enhancements. We affirm the district court's judgment.

We do not review a claim of ineffective assistance of counsel made on direct appeal unless the record conclusively shows that counsel was ineffective. *United States v. Campbell*, 963 F.3d 309, 319 (4th Cir. 2020). To succeed on an ineffective assistance of counsel claim, Houchins must show that (1) counsel's performance was constitutionally deficient and (2) the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the performance prong, Houchins must demonstrate "that counsel's representation fell below an objective standard of reasonableness" as evaluated "under prevailing professional norms." *Id.* at 688. To satisfy the prejudice prong, Houchins must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Our review of the record does not conclusively establish ineffective assistance of counsel. Therefore, these claims should be raised, if at all, in a 28 U.S.C. § 2255 motion. *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016); *see also Massaro v. United States*, 538 U.S. 500, 504-07 (2003) (discussing standard). We express no opinion as to the merits of Houchins' ineffective assistance of counsel claims.

2

Accordingly, we affirm the district court's judgment.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*